United States District Court
for the
Southern District of Florida

| | |
|---|---|
| William L. Weaver, II, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-21917-Civ-Scola |
| | ) |
| Miami-Dade Police Department, and others, Defendants. | ) |

**<u>Order Striking Amended Complaint</u>**

    The Plaintiff William L. Weaver, II ("Weaver") brings this action *pro se* under 42 U.S.C. § 1983 and the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, against officers of Miami-Dade County for injuries allegedly sustained during an arrest. The original complaint sought declaratory and injunctive relief and damages, asserting three claims. (ECF No. 1 at 8-20.) With leave of Court, Weaver filed a sprawling Amended Complaint, which now asserts fourteen causes of action, including various state law tort claims. (ECF No. 50.) The Amended Complaint contains a "Statement of Facts Common to All Counts," which contains eight pages of non-enumerated allegations. (*Id.* at 5-12.) Each of the fourteen counts begins with the "Plaintiff restat[ing] all of the above as if fully set forth herein." (*Id.*) The allegations are not numbered sequentially throughout the Amended Complaint and reset with each claim.

    Where a complaint "employs a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief," the complaint is a shotgun pleading. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018). "Shotgun pleadings violate Rule 8," and "[c]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (noting shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the court." (quotations and alterations omitted)). When presented with a shotgun pleading, "even if the parties do not request it, the district court 'should strike the complaint" and instruct the party to replead the case. *Vibe Micro*, 878 F.3d at 1295. "This initial repleading order comes with an implicit notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike [the] pleading, or depending on the circumstances, dismiss [the] case." *Id.*

The Amended Complaint is a shotgun pleading. The allegations contained within each claim contain little to no factual allegations, and simply restate "all of the above as if fully set forth" in that count. Further, the "Statement of Facts Common to All Counts" is rambling, non-enumerated and improper. As a result, the Amended Complaint is a shotgun pleading that "employs a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief." *Jackson*, 898 F.3d at 1356. The Amended Complaint is therefore stricken. *Id.* The Court however grants Weaver leave to file a second amended complaint provided it:

(i) Lists each allegation as a separate, sequentially enumerated paragraph in compliance with Federal Rule of Civil Procedure 8(d)(1), which requires that "[e]ach allegation" be "simple, concise and direct." For example, this would require each factual allegation in the "Statement of Facts Common to All Counts" to be asserted in a separately enumerated paragraph.

(ii) Identifies, specifically, the factual allegations supporting each individual claim. Realleging "all of the above as if fully set forth" in a given count *will not* satisfy this requirement.

(iii) Identifies, by name, in each claim for relief, the defendants against whom that claim is brought.

(iv) Numbers all allegations throughout the second amended complaint in one sequence. In other words, numbering shall not be restarted with each claim.

In sum, the Court **strikes** the Amended Complaint, (ECF No. 50), with leave for Weaver to file a second amended complaint in compliance with this order by **October 25, 2018**. Failure to so file will result in the dismissal of this case without further notice. *See Jackson*, 898 F.3d at 1348 (noting that the Eleventh Circuit has "repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone."). The Defendants' unopposed motion for extension of time to respond to the Amended Complaint (ECF No. 52) is **denied as moot.**

**Done and ordered** at Miami, Florida, on October 10, 2018.

_____
Robert N. Scola, Jr.
United States District Judge