United States District Court
for the
Southern District of Florida

| | |
|---|---|
| William L. Weaver, II, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-21917-Civ-Scola |
| | ) |
| Miami-Dade Police Department, and others, Defendants. | ) |

### Order Granting Defendants' Motion to Stay and Motion for Extension of Time

Before the Court is a motion to stay (the "Motion," ECF No. 59) filed by Defendants Miami-Dade Police Department, Miami-Dade County Mayor Carlos Gimenez, Miami-Dade Police Department Director Juan Perez, Captain Gustavo Duarte, Sergeant Albert Falcon, Officer George Pacheco, Officer Gepsy Perez, Officer Yovani Sosa, and Officer Antonio Whitley (collectively, "Defendants"). Having reviewed the Motion and the applicable law, the Court **grants** the Motion (ECF No. 59) and **stays** and **administratively closes** this case as follows.

The Plaintiff William L. Weaver, II ("Weaver") brings this action *pro se* asserting a variety of Florida tort and federal civil rights claims against the Defendants arising out of Weaver's 2016 arrest for driving under the influence ("DUI"). (ECF No. 57.) Specifically, Weaver asserts claims for false arrest and false imprisonment (Counts VI, VIII), civil conspiracy stemming from the Defendants' alleged false arrest of Weaver (Count XI), and unlawful search and seizure under 28 U.S.C. § 1983 (Count XV). (*Id.*)

Through the Motion, the Defendants request the Court to stay this case until the conclusion of Weaver's parallel criminal case arising from the DUI arrest. (ECF No. 59.) The Defendants assert that adjudicating Weaver's claims, including those for false imprisonment and false arrest, will require the Court to pass judgment on the propriety of the arrest, despite the Florida state court not yet making any such determinations in related criminal proceedings. (*See, e.g.,* ECF No. 57 at ¶ 142 (alleging that Defendants "proximately caused Plaintiff['s] arrest without probable cause as a matter of law because he had not committed any arrest-able offense").) The crux of the request is that the Court should refrain from prejudging issues material to a pending or future state criminal case so as to avoid the risk of conflicting and contradictory judgments.

This issue was addressed by the United States Supreme Court in *Wallace v. Kato*:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *See id.,* at 487–488, n. 8, 114 S. Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 730, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok,* 520 U.S. 641, 649, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Heck,* 512 U.S., at 487, 114 S. Ct. 2364.

549 U.S. 384, 393-94 (2007) (quoting *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994)).

The Defendants argument is well taken. The Court finds that the Second Amended Complaint asserts claims that would require the Court to prejudge issues and make rulings "that will likely be made in a pending or anticipated criminal trial" relating to Weaver's DUI arrest; principally, through the false arrest and false imprisonment claims. *Wallace,* 549 U.S. at 393; (*see, e.g.,* ECF No. 57 at ¶ 142 (alleging that Defendants "proximately caused Plaintiff['s] arrest without probable cause as a matter of law because he had not committed any arrest-able offense").). Cognizant of the Court's broad discretion to control and manage its docket, *Landis v. N. Am. Co.,* 299 U.S. 248, 254-77 (1936), the Court will stay this case to allow for the adjudication of all claims on a single track.

Accordingly, the Defendants' motion to stay (ECF No. 59) is **granted**, and this case is **stayed** pending completion of Weaver's related criminal case. The Defendants shall file with the Court a report documenting the status of the criminal case every 90 days from the date of this order. The Defendants' motion for extension of time to respond to the Second Amended Complaint (ECF No. 60) is **granted**. The Defendants' response to the Second Amended Complaint is now due **fourteen days** after this case is reopened.

The **Clerk** is directed to **administratively close** this case, and **mail** a copy of this order to Weaver at the address listed below. All pending motions not expressly addressed in this order are **denied as moot.**

**Done and ordered** at Miami, Florida, on November 15, 2018.

_____
Robert N. Scola, Jr.
United States District Judge

Copies to:
William L. Weaver, II
14629 SW 104th Street
Suite 475
Miami, Florida 33186